UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SAMUEL VELEZ AND THAMARA VELEZ,

                       Plaintiffs,

               -against-

MIKE TYSON, THE MARRIOT CORPORATION,
THE CITY OF NEW YORK AND DETECTIVE
EDWARD J. POLICASTRI,

                       Defendants.

04 CV 2203 (ARR)(MDG)

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

-----------------------------------------------------------------x

       **WHEREAS,** plaintiff Samuel Velez commenced this action by filing a complaint on or about May 26, 2004, alleging that his constitutional and common law rights were violated; and

       **WHEREAS,** Thamara Velez has not alleged any wrongdoing on the part of defendants City of New York and Detective Edward J. Policastri ("City defendants"); and

       **WHEREAS,** the City defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff the sum of $15,000 (Fifteen Thousand Dollars) in full satisfaction of all claims, including claims for costs, expenses and attorneys fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the City defendants and to release City defendants and any present or former employees or agents of the City of New York, or any agency thereof, from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorneys fees.

3. Plaintiff shall execute and deliver to the City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of No Liens.

4. Nothing contained herein shall be deemed to be an admission by the City defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
May 2, 2005

Robin C. Smith, Esq.
*Attorney for Plaintiff*
44 Court Street, Suite 917
Brooklyn, NY 11201

By: _____
ROBIN SMITH (RS 0015)

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for City Defendants*
100 Church Street
New York, New York 10007
(212) 788-9391

By: _____
ALISON GUGEL (AG3698)
Assistant Corporation Counsel

SO ORDERED:

_____ 5/27/05
U.S.D.J.